JUSTICE COTTER
concurs.
¶64 I concur in much that is said in Justice Leaphart’s Dissent. I too am uneasy with the fact that application of the felony-murder doctrine can impermissibly raise a conclusive presumption of intent to murder from an act which, standing alone, could not supply such a motive. However, as the Court points out, we are faced in this case with an “as applied” challenge of the doctrine, so we must examine whether application of the doctrine has constitutional implications for Burkhart given the particulars of his crime. Because I conclude it does not, I am voting to affirm.
¶65 The ferocity ofBurkhart’s assaults on Ledeau that led to his death did, in my judgment, supply the intent for murder. This being so, we are not confronted with the situation where a presumption of guilt is imposed upon a set of facts which do not otherwise raise or establish a murderous intent. When and if such a case presents itself to this Court, an “as applied” challenge will likely resonate well with me. However, this is not such a case. I would therefore affirm.
JUSTICE NELSON joins in the concurrence of JUSTICE COTTER.